DAVID B. FRAZIER, PLAINTIFF IN ERROR, v. MARK L. JOHNSON, DEFENDANT IN ERROR.

Submitted January 2, 1901—Decided March 4, 1901.

The redemption from tax sale contemplated by the statute of this state (*Gen. Stat.*, *p.* 3354, *pl.* 338), amended by act approved May 18th, 1898 (*Pamph. L.*, *p.* 457), must be exercised either by an owner of the lands sold, or by one who holds a lien or right of possession, and therefore owns some estate in such lands.

On error to the Supreme Court.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *James L. Van Syckel.*

The opinion of the court was delivered by

VREDENBURGH, J. The jury at the trial of this ejectment suit was instructed by the court to find a verdict for the defendant, and from the judgment thereupon entered in the Supreme Court the plaintiff brings error. The plaintiff's right to the possession of the lands in dispute was that of a purchaser at a tax sale thereof, under proceedings regularly taken in accordance with the statutory directions. The defendant's ground of resistance to that right was that he occupied the lands, or a part of the same, and had paid into court for the plaintiff the purchase-money, interest, fees, costs, expenses and charges incurred, and being such occupant, was entitled to redeem the lands under the provisions

of our statute. *Gen. Stat., p.* 3354, *pl.* 338, amended May 18th, 1898 (*Pamph. L., p.* 457). The material part of the amended statute provides as follows, viz.:

"The owner or owners, mortgagee, occupant or any other person having a legal or equitable interest in any lands, tenements, hereditaments or real estate sold for taxes as aforesaid, may redeem the same at any time within two years from the date of such sale by paying to the purchaser, or his legal representative, the amount of purchase-money set out in detail in such certificate, with twelve per centum interest thereon, together with such other fees, costs, expenses and charges as may have been incurred by the purchaser under the provisions of this act, and the purchaser, upon receiving such payment, *if made by the owner or owners thereof, shall recover and restore to such owner or owners such real estate, and in case the owner or holder of any estate in lien upon or right of possession* of such real estate so sold, shall pay to the purchaser within the said two years the aforesaid purchase-money, interest, fees, costs, expenses and charges, the sale shall be of no further effect, and the mortgagee or other persons so redeeming shall have a lien upon the said premises for the amount paid, with twelve per centum interest thereon, in like manner as if the same had been included in his, her or their mortgage, or other lien, and if such owner or owners, mortgagee, occupant or other person having a legal or equitable interest as aforesaid in such lands, tenements and hereditaments, do not within such period of two years so redeem such lands, tenements, hereditaments or real estate, the title to the same shall thereupon vest absolutely in the purchaser in fee-simple."

It is difficult to see, even upon the phraseology alone of the first four lines of this law (and without regard to the effect of such a construction upon the remainder of the section) how a mere occupant, having no legal or equitable interest in the lands sold, can find any footing to redeem them from the purchaser of the tax title. The word "occupant" does not stand alone or dissociated from the context. The context, as punctuated, defines the occupant as a person

having a legal or equitable interest in the lands. But if there be any obscurity in the words as collocated in this regard, the subsequent clear and explicit command of the same enactment, that the "purchaser, upon receiving such payment, *if made by the owner or owners thereof, shall recover and restore to such owner or owners* such real estate, *and in case the owner or holder of any estate in lien upon or right of possession* of such real estate so sold shall pay to the purchaser," &c., designates the owners and holders of estates in *lien* upon or *right* of possession of the lands sold as the *only* persons entitled to the right of redemption, and relieves the construction of all doubt. We think that the payment contemplated by this act must be made either by an owner or by one who holds a lien or right of possession, and therefore owns *some* estate in the lands sold.

Under the construction given to this statute at the trial below this important right of redemption was adjudged to belong to a mere stranger to the title, seemingly a mere trespasser, without the slightest legal or equitable ownership in the lands, and for the reasons stated the judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 13.